Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 7, 1946, in Chenango County, upon a decision of the court on a trial at Special Term.
Memorandum by the Court.
Appeal from a judgment of ejectment, made at a Special Term of the Supreme Court, Otsego County, December 31, 1945, by which it was determined that plaintiff-respondent is the owner of the premises described in the complaint, and that appellant is encroaching thereon.
The parties own adjoining lots on the south side of Gold Street in the city of Norwich, New York. The disputed parcel is a strip of land, approximately two feet wide, either on the east side of respondent’s lot or the west side of appellant’s lot.
Appellant obtained title to his lot in 1926. Respondent’s title to her lot came by devise from her deceased husband, who acquired title in 1886. Appellant’s deed fixed the fr'ontage of his lot on Gold Street at sixty-two feet and four inches, measuring in the center of the street from a point sixteen rods west of the westerly line of the New York, Ontario and Western Railroad Company. Respondent’s lot is one of a series of lots, originally conveyed by a common owner, who at one time owned the entire tract of land south of Gold Street, and east of the center line of Silver Street to the westerly boundary of land of the railroad. The description in the deed to respondent’s husband also calls for a frontage of sixty-two feet and four inches on Gold Street. Appellant denies that he is bound by the frontage specified in his deed, measured from a point sixteen rods west of the railroad property, and asserts that, under a blanket clause in his deed, he is entitled to all of the land as originally conveyed by the common owner to his predecessor in title lying between the *902 Sanford lot and a lot previously conveyed to one Dimmick, and in which deed no dimensions were specified. There is no evidence, however, that the specific description in appellant’s deed was the result of a mistake, and unless it was a mistake it should control over general language.
The proof indicates, and it was practically conceded on the trial, that the center line of Silver Street cannot now be located accurately. In view of this, the trial court held that appellant’s survey, which began at a point in the so-called continuation of the east line of one Smith’s property north of Gold Street and which was related to the center line of Silver Street, was based upon an uncertain monument. In so holding the trial court apparently declined to accept, or held as insufficient, oral testimony tending to fix the location of the Smith line. Respondent’s survey, following the description in appellant’s deed, was held to be based upon a fixed, definite and ascertainable monument, i.e., the west line of the railroad.
Upon the ground stated, and all the evidence in the case concerning title, the trial court fixed the division line between the properties as contended for by respondent, and in accordance with a survey made in 1937 which was confirmed by a later survey.
Judgment affirmed, with costs.